Mr. Justice Robb
delivered the opinion of the Court:
This is an appeal from a judgment upon verdict for the plaintiff, Mary E. Thomas, appellee here, in an action for •damages to certain lots of ground in this District, which sloped toward the right of way of the defendant, the Baltimore & Ohio Railroad Company, the damages being occasioned by an embankment or fill which it was alleged, and the evidence tended "to prove, obstructed the flow of surface water and caused the .same to remain upon plaintiff’s premises.
It is at once apparent that the controlling question is whether .an upper estate has a natural easement in the lower, to discharge over the lower all surface water flowing or accumulating •on the upper; in other words, whether the lower owner is bound to maintain natural conditions to the extent of talcing care of the surface water coming from the land above him. Walker v. New Mexico & S. P. R. Co. 165 U. S. 593, 41 L. ed. 837, 17 Sup. Ct. Rep. 421, was a case arising in Ne,w Mexico, and involved the question here in issue. In stating the question Mr. Justice Brewer, delivering the opinion of the court, said: “Does a lower landowner, by erecting embankments or otherwise preventing the flow of surface water on his premises, render himself liable to an upper landowner for damages caused by the stopping of such flow? In this respect the civil and •common law are different, and the rules of the two laws have been recognized in different states of the Union,—some accepting-the doctrine of the civil law, that the lower premises are subservient to the higher, and that the latter have a qualified ■easement in respect to the former, an easement which gives the right to discharge all surface water upon them. The doctrine ■of the common law on the other hand is the reverse, that the *257 lower landowner owes no duty to the upper landowner, that each may appropriate all the surface water that falls upon his own premises, and that the one is under no obligation to receive from the other the flow of any surface water, but may, in the ordinary prosecution of his business and in the improvement of his premises by embankments or otherwise, prevent any portion of the surface water coming from such upper premises.” After reviewing the cases supporting the common-law doctrine, the court held that the legislature of New Mexico, having adopted the common law as the rule of practice and decision, and there being no special statutory provisions in respect to the question in issue, the common-law doctrine obtained in that jurisdiction. The court was careful to intimate that it may be necessary to modify the rule in cases involving a hilly region, where, from the natural formation of the surface of the ground, much water, in times of excessive rains or heavy snows, is forced to seek a channel through gorges or narrow valleys. Such unusual conditions, however, do not exist in the present case.
While the writer of this opinion is impressed with the justness of the rule of the civil law, he is constrained to concur with the other members of the court, that the common-law rule here applies. Under sec. 1 of the Code [31 Stat. at L. 1189, chap. 854], the common law and all British statutes in force in Maryland on the 28th of February, 1801, are continued in force, except in so far as inconsistent with or replaced by some provision of the Code. There was no statute in force in Maryland on the day named, nor is there any provision of the Code, inconsistent with the common-law rule, as above defined by the Supreme Court. Our attention has been directed to certain decisions of the court of appeals of Maryland, commencing in 1888 (Hitchins Bros. v. Frostburg, 68 Md. 100, 6 Am. St. Rep. 422, 11 Atl. 826, and Philadelphia, W. & R. R. Co. v. Davis, 68 Md. 281, 6 Am. St. Rep. 440, 11 Atl. 822), but we do noi deem it necessary to examine those decisions for the purpose of ascertaining whether they are in conflict with the above rule, 3inee, owing to their date, they cannot affect our decision.
*258 We hold, therefore, that the common-law rule obtains in this jurisdiction. Judgment must be reversed, and the cause remanded for further proceedings. Reversed and remanded.